## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UBENCIO ANTONIO MARTINEZ CRUZ,** | § § § | |
| *Plaintiff* | § § | **CIVIL ACTION NO. 5:21-CV-00535** |
| **VS.** | § § | |
| **TRANSPORT CORPORATION OF AMERICA, INC. and JOSHUA TERRY DYES,** | § § § § | **JURY TRIAL REQUESTED** |
| *Defendants* | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

Ubencio Antonio Martinez Cruz, Plaintiff, by and through his attorneys, now comes before this Court and complains of Transport Corporation of America, Inc. and Joshua Terry Dyes as follows:

### I.
### PARTIES

1.  Plaintiff Ubencio Antonio Martinez Cruz ("Cruz") is a citizen of Texas, residing in San Antonio, Bexar County, Texas.

2.  Defendant Transport Corporation of America, Inc. is a Minnesota Corporation with its principal place of business located at 1715 Yankee Doodle Road Eagan, Minnesota 55121 and may be served with process by serving its registered agent NATIONAL REGISTERED AGENTS, INC. at 1999 BRYAN ST., STE. 900 DALLAS, TX 75201.

3.  Defendant Joshua Terry Dyes is a citizen of Louisiana residing at 1510 Draines Apt. 3004 B, Shreveport, LA 71108 and may be served with process at his place of residence or wherever he may be found.

## II.
## STATEMENT OF JURISDICTION AND VENUE

4.    Plaintiff Ubencio Antonio Martinez Cruz is a citizen of Texas.  Defendant Transport Corporation of America, Inc. is a Minnesota company with its principal place of business located at 1715 Yankee Doodle Road, Eagan, Minnesota 55121. Defendant Joshua Terry Dyes is a citizen of Louisiana.  The amount in controversy, without interest and costs, exceeds $75,000.00 - the sum or value specified by 28 U.S.C. § 1332.

5.    Venue is proper under 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Gonzales County, Texas, which is within the Western District of Texas.

6.    Plaintiff requests a trial by jury.

## III.
## SUMMARY

7.    On or about October 27, 2020, Plaintiff Cruz pulled his tractor trailer to the shoulder of IH10 West in Gonzales County, Texas.

8.    Plaintiff safely parked off the roadway, turned on the hazard lights and walked down the passenger side to inspect his tires.

9.    While standing near the rear of the trailer, Defendant Joshua Terry Dyes, while operating an 18-wheeler in the course and scope of his employment with Defendant Transport Corporation of America, Inc., left his lane of travel, when it was unsafe to do so, and crashed into the rear of Plaintiff's legally parked vehicle on the shoulder of the road.

10.   The force of the crash caused the parked trailer to hit Plaintiff and throwing his body away in the opposite direction.

11.   The incident occurred on IH10 West in Gonzales County, TX.

12.   The collision resulted in significant injuries to Plaintiff Cruz requiring surgeries and hospitalization for over four (4) months for traumatic brain injuries, spinal injuries and nerve damage causing disabling use of his leg. All of these injuries were caused in the crash.

## IV.
## <u>COUNT I – NEGLIGENCE OF JOSHUA TERRY DYES</u>

13.   Plaintiff incorporates by reference all allegations set forth above.

14.   On October 27, 2020, Plaintiff Cruz was standing outside his vehicle, which was parked on the improved shoulder of IH 10 West in Gonzales County, Texas.

15.   Defendant Joshua Terry Dyes was operating a tractor-trailer, driving westbound on IH 10 West in Gonzales County, Texas.

16.   At all times relevant hereto, Defendant Joshua Terry Dyes was acting within the course and scope of his employment with Transport Corporation of America, Inc.

17.   Defendant Joshua Terry Dyes operated the tractor-trailer in a negligent manner and violated the duties he owed Plaintiff to exercise ordinary care in the operation of the company commercial motor vehicle in one or more of the following respects:

   a.   In failing to drive in a single lane in violation of Section 545.060 of the TEXAS TRANSPORTATION CODE;

   b.   In leaving his lane of travel when it was unsafe to do so in violation of Section 545.060 of the TEXAS TRANSPORTATION CODE;

   c.   in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   d.   in failing to warn Plaintiff of the impending collision by using his horn or some other warning device;

   e.   Failing to operate his vehicle in a safe and prudent fashion so that a collision would not occur in violation of Section 545.401 of the TEXAS

TRANSPORTATION CODE;

f.      Failing to timely apply his brakes in order to avoid the crash;

g.      in failing to comply with Federal and State DOT regulations in the operation of the commercial motor vehicle;

h.      in operating a commercial motor vehicle while fatigued and in violation of Federal and State DOT regulations;

i.      in failing to properly maintain the commercial vehicle so that it could safely operate on public roadways; and

j.      in operating a commercial motor vehicle while distracted.

18.     Each of these acts and/or omissions of Defendant Joshua Terry Dyes, whether taken singularly or in any combination constitute negligence, are a proximate cause of the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## V.
## <u>COUNT II – GROSS NEGLIGENCE OF JOSHUA TERRY DYES</u>

19.     Plaintiff incorporates by reference all allegations set forth above in paragraph 17(a) through (j).

20.     Defendant Joshua Terry Dyes's conduct was more than momentary thoughtlessness or inadvertence.  Rather, Defendant Joshua Terry Dyes's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant Joshua Terry Dyes had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff and others similarly situated.

21.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence *per se* and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## VI.
## COUNT III – RESPONDEAT SUPERIOR /
## NEGLIGENCE OF TRANSPORT CORPORATION OF AMERICA, INC.

22.     Plaintiff incorporates by reference all allegations set forth herein.

23.     Defendant Transport Corporation of America, Inc. is liable under the theory of *respondeat superior* in that Defendant Joshua Terry Dyes was acting within the course and scope of his employment with Defendant Transport Corporation of America, Inc. at the time the incident occurred.

## VII.
## COUNT IV – NEGLIGENT HIRING / RETENTION / TRAINING /
## ENTRUSTMENT OF TRANSPORT CORPORATION OF AMERICA, INC.

24.     Plaintiff incorporates by reference herein all allegations set forth above.

25.     Defendant Transport Corporation of America, Inc. was independently negligent in one or more of the following aspects:

a.      Negligent in the hiring of Joshua Terry Dyes;

b.      Negligent entrustment of a commercial motor vehicle to Joshua Terry Dyes, who was an unlicensed, incompetent and/or reckless driver;

c.      Negligent in complying with federal and state regulations, industry standards in qualifying Joshua Terry Dyes as a DOT operator;

d.      Negligent in training and supervising Joshua Terry Dyes in the operation of a commercial motor vehicle;

e.      Negligent in retaining Joshua Terry Dyes as a DOT operator;

      f.      Negligent in contracting with Joshua Terry Dyes as a owner/operator of commercial motor vehicle; and

      g.      Negligent in the maintenance of the commercial motor vehicle in this crash.

26.      Defendant Transport Corporation of America, Inc. is liable for the negligent entrustment of its commercial motor vehicle to Joshua Terry Dyes.  Defendant Transport Corporation of America, Inc. was the owner and/or DOT operator of the vehicle driven by Joshua Terry Dyes at the time of the collision that makes the basis for Plaintiff's lawsuit.  Defendant Transport Corporation of America, Inc. negligently entrusted its vehicle to Joshua Terry Dyes, whom Defendant Transport Corporation of America, Inc. knew or should have known was an unlicensed, incompetent and/or reckless driver.  Defendant Transport Corporation of America, Inc. violated its duty to exercise ordinary care in the entrustment and operation of its commercial motor vehicle.  Defendant Transport Corporation of America, Inc. was negligent in the hiring, qualification, training, supervision and/or retention of Defendant Joshua Terry Dyes.  Defendants, and each of them, were negligent in the maintenance of the commercial motor vehicle.

27.      Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence *per se* and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff Ubencio Antonio Martinez Cruz suffered and which he will continue to suffer in the future, if not for the remainder of his natural life.

## VIII.
## COUNT V – GROSS NEGLIGENCE OF
## TRANSPORT CORPORATION OF AMERICA, INC.

28.   Plaintiff incorporates by reference herein all allegations set forth above, including but not limited to, paragraph 25 (a) through (g).

29.   Defendant Transport Corporation of America, Inc.'s conduct was more than momentary thoughtlessness or inadvertence.  Rather, Defendant Transport Corporation of America, Inc.'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.  Defendant Transport Corporation of America, Inc. had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff Ubencio Antonio Martinez Cruz and others similarly situated.

30.   Plaintiff incorporates by reference herein all allegations set forth above, including but not limited to, paragraph 17(a) through (j).

31.   Defendant Transport Corporation of America, Inc.'s vice principal(s) ratified the gross negligent conduct of Joshua Terry Dyes.  This ratification and conduct were more than momentary thoughtlessness or inadvertence.  Rather, Defendant Transport Corporation of America, Inc.'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.  Defendant Transport Corporation of America, Inc. had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff Ubencio Antonio Martinez Cruz and others similarly situated.

32.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence *per se* and gross negligence and proximately caused the collision and injuries and other losses as specifically set forth herein.

## IX.
## DAMAGES

33.    As a direct and proximate result of the collision and the Defendants' conduct, Plaintiff suffered severe bodily injuries to his head, neck, back, arms, legs, nerves, brain and other parts of his body generally.  The injuries are permanent in nature and have had a serious effect on Plaintiff's health and well-being.  These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental conditions to deteriorate generally, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause Plaintiff to suffer consequences and effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of their injuries, Plaintiff suffered great physical and mental pain, suffering, and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

34.    As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention.  These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

35.    As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for medical care and attention.

## X.
## <u>PRAYER FOR RELIEF</u>

36.     FOR THESE REASONS, Plaintiff is entitled to damages from the Defendants, and does

hereby pray that judgment be entered in his favor and against the Defendants as follows:

a.      Pain and suffering in the past;
b.      Pain and suffering in the future;
c.      Mental anguish in the past;
d.      Mental anguish in the future;
e.      Past medical expenses;
f.      Future medical expenses;
g.      Physical impairment in the past;
h.      Physical impairment in the future;
i.      Physical disfigurement in the past;
j.      Physical disfigurement in the future;
k.      Loss of earnings;
l.      Loss of earning capacity; and
m.      Exemplary and punitive damages.

37.     Plaintiff further seeks any further and additional relief at law or in equity that this Court

may deem appropriate or proper.

Respectfully submitted,
**THOMAS J. HENRY LAW, PLLC**

By:      ___/s/ *Russell W. Endsley*_____
         Russell W. Endsley
         State Bar No. 24026824
         Federal Bar No. 28492
         David E. Campa
         State Bar No. 24073991
         Federal Bar No. 3456517
         521 Starr Street
         Corpus Christi, Texas 78401
         Telephone: 361-985-0600
         Facsimile: 361-985-0601
         *e-mail: rendsley-svc@tjhlaw.com
         *service by e-mail to this address only
         *Attorneys for Plaintiff*